

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2008

# USA v. Gaddy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1852

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Gaddy" (2008). *2008 Decisions*. Paper 1038.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1038

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1852

UNITED STATES OF AMERICA

v.

ALLEN GADDY,
a/k/a Douglas Gaddy,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00710)
District Judge: Honorable James T. Giles

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2008

Before: AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed  June 9, 2008)

OPINION

AMBRO, Circuit Judge

A jury in the United States District Court for the Eastern District of Pennsylvania

convicted Allen Gaddy of four counts of drug and gun possession in May 2005.  The

District Court imposed an aggregate term of 168 months' imprisonment, a special assessment of $300, a fine of $500, and an eight-year term of supervised relief. On appeal, we remanded under *United States v. Booker*, 543 U.S. 220 (2005). The District Court imposed the same sentence on remand, with the exception that it added the special condition of supervised release that Gaddy "seek gainful employment in the clothes apparel field." He now appeals the imposition of that special condition. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court did not give reasons for its imposition of the challenged condition of supervised release. This leaves us guessing as to its rationale. Though an educated guess follows, we are not sure our surmise is right.

> While the district court has broad discretion in fashioning conditions of supervised release, the sentencing judge is required by statute to state the reasons in open court for imposing a particular sentence. *See* 18 U.S.C. § 3553(c). By explaining the reasons behind the sentence, the court ensures that appellate review does not "flounder in the zone of speculation."

*United States v. Loy*, 191 F.3d 360, 370–71 (1999) (quoting *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996)). To avoid that speculation, and because of the restriction of liberty represented by the condition of supervised release, we have no choice but to vacate and remand.

We note that an officer supervising Gaddy's release could construe the challenged condition as prohibiting Gaddy from pursuing employment outside the clothes apparel field. We doubt that the District Court intended to limit Gaddy's employment options in this fashion. The Court likely meant to encourage Gaddy to seek any gainful employment

2

and only emphasized the garment industry because of Gaddy's experience as a tailor. However, the condition's ambiguous language highlights the challenge facing us when we lack a sufficient statement of the reasons for sentence. The statement of reasons on remand will allow us to understand and review Gaddy's sentence on any future appeal.

We thus vacate the challenged condition of supervised release and remand to the District Court.